UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBBIE GARDENIER AND JOAN GARDENIER, h/w | ) ) ) | Case Number |
| Plaintiff | ) ) | |
| vs. | ) ) | CIVIL COMPLAINT |
| PORTFOLIO RECOVERY ASSOCIATES, LLC A WHOLLY-OWNED SUBSIDIARY OF PORTFOLIO RECOVERY ASSOCIATES, INC | ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant | ) ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, Robbie Gardenier and Joan Gardenier, h/w, by and through their undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs, Robbie Gardenier and Joan Gardenier, h/w, are both adult natural persons and bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of New York Business Law §349.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant has an office located in this District.

## III. PARTIES

4. Plaintiffs, Robbie Gardenier and Joan Gardenier, h/w ("Plaintiffs"), are both an adult natural person residing at 16 Private Drive 1, Fulton, NY 13069. At all times material and relevant hereto, Plaintiffs are a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC ("Portfolio Recovery"), a wholly-owned subsidiary of Portfolio Recovery Associates, Inc, at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of New York and the Commonwealth of Pennsylvania with an office located at 1100 East Hector Street, Suite 250, West Conshohocken, PA 19428.

6. Defendant, Portfolio Recovery is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Plaintiffs started receiving calls from the Defendant in approximately May, 2011.

8. Plaintiffs have received five to six calls per week and sometimes more than two to three calls within one day with calls on every day of the week including Sundays.

9. The Defendant is attempting to collect on two accounts allegedly belonging to the Plaintiffs from the 1990s.

10. The Defendant is alleging that the Plaintiffs owe approximately $3,000 on their Capital One account and $3,766.75 on their Sears account.

11. The Defendants were informed that the alleged accounts are well beyond the statute of limitations for such collection matters in the state of New York.

12. On April 19, 2012, Plaintiffs mailed out a "cease and desist" letter requesting that the Defendant no longer contact them by phone but by mail, if necessary.

13. Plaintiffs continued to receive phone calls from the Defendant even after the Defendant should have received such letter.

14. Plaintiffs asked the Defendant's female agent to stop calling and stated to her that they had sent out a letter requesting the calls to stop.

15. Plaintiffs explained to the female agent repeatedly that the accounts they are attempting to collect on are way past any statute of limitations.

16. The female agent was rude and obnoxious and responded each time stating, "It's our job to keep calling, and we will keep calling!"

17. Despite mailing out the "cease and desist" letter and telling the female agent to stop calling, Plaintiffs are still receiving calls from the Defendant at least four to six times per week.

18. During every conversation, the female agent does not let the Plaintiffs respond or explain and continues to talk over them or she interrupts with harassing statements such as "it's not my problem that you can't afford to pay" and "don't you have somebody you can borrow the money off of."

19. The female agent never gave the Plaintiffs her name or any form of number or extension to contact her.

20. When Plaintiffs mention they will not be making any payments on a debt that is so old, the female agent continually and abruptly ends the phone calls.

21. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, the Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |

|  |  |
|---|---|
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |
| §§ 1692g(a)(3): | Must state the right to dispute within 30-days |

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, a wholly-owned subsidiary of Portfolio Recovery Associates, Inc, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

28. Plaintiffs hereby restate reallege and incorporate herein by reference all foregoing paragraphs as if set forth fully in this count.

29. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

30. GBL §349 provides in relevant part as follows:

   (a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

   (g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

   (h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing ` Plaintiff.

31. As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiffs were damaged in that they,

among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.    Actual damages

    b.    Statutory damages

    c.    An award of reasonable attorney's fees and expenses and cost of suit; and

    d.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

Respectfully submitted,

**VULLINGS LAW GROUP, LLC**

**Date: May 23, 2012**

**BY: /s/ Brent F. Vullings BFV8435**
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff